UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JAMES LAWRENCE KOWALSKI                                  PLAINTIFF

v.                                          CIVIL ACTION NO. 1:11CV-53-M

SANDRA PHILIP KOWALSKI *et al.*                             DEFENDANTS

## MEMORANDUM OPINION

     Acting without the assistance of counsel, Plaintiff James Lawrence Kowalski filed the above-styled action against the following Defendants: Sandra Phalicia Kowalski; Donald Firkins; Hon. Margaret Ryan Huddleston; Hon. Catherine Rice Gaither Holderfield; Hon. Amy Hale Miliken; Hon. Martha Blair Harrison; Cathy Clanton-Reeves Psychologist #752; Hon. Brent J. Potter; Hon. Johnnie W. Bell; Hon. Brian L. Schuette; Hon. Pamela C. Bratcher; Hon. Vaughn Wallace; and John and Jane Does (1-100). He alleges that "for the period of time June 1, 2001, through December 31, 2010, the aforementioned Defendants willfully, with malicious intent violated multiple civil rights by their involvement in a Racketeer Influenced and Corrupt Organization when abridging Plaintiff's basic civil rights."

     Along with his complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. That motion was previously granted by the Court in a separate Order. Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen Plaintiff's complaint before service on Defendants. *McGore v.Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review under § 1915(e), a district court must dismiss an action that it finds to be frivolous or malicious or that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). For the reasons set forth below, on initial review, the Court will dismiss Plaintiff's complaint for failure to state a federal claim, and in turn, for lack of subject-matter jurisdiction.

## I. Standard of Review

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 is fairly liberal in its requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937, 1950 (2009). While Rule 8 does not require a plaintiff to include every minute detail that makes up his claim, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

"A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1950 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The first step requires the Court to identify allegations that "because they are no more than [legal] conclusions, are not entitled to the assumption of truth." *Id.* The Court is then left with factual allegations. The Court must presume the factual allegations are true, but its inquiry does not end at this point. The Court must go one step further and determine whether the facts state a claim that is plausible. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949.

"Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327-28)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## II. Facts

Plaintiff states that in 2001 he hired Defendants Schuette and Bell to represent him in Warren County Family Court in connection with his request for modification of his child-support obligations for his two minor children. Defendant Huddleston was the presiding judge. Plaintiff's ex-wife and mother of the children, Defendant Kowalski, was represented by Defendant Holderfield. Defendant Holderfield had previously represented Defendant Firkins, Defendant Kowalski's current husband. Plaintiff claims that during the nine months the proceedings were active Defendant Holderfield "used perjury, liable, fictitious, innuendo statement in their malicious prosecution of Plaintiff." He claims that this behavior caused his attorneys to "quit before a key

3

hearing in 2002, which the Plaintiff faced his first wrongful incarceration for not abiding to court order to supply child support payments, an order that this Court knew Plaintiff did not have the means to pay."

Plaintiff states that he then acquired new counsel to represent him, Defendant Bratcher. Plaintiff states that Defendant Bratcher "refused to defend the Plaintiff's true issues, in so much as . . . [Defendant] Huddleston drove [Defendant] Bratcher to 'tears' during one of the typical bias hearings." Soon after, Plaintiff states that Defendant Bratcher quit representing Plaintiff.

Plaintiff's case continued with Defendant Potter presiding over one hearing. Plaintiff claims that during the hearing Defendant Potter told Plaintiff that he was to conduct his affairs as if his children did not exist. Plaintiff states that he has been forced to represent himself since 2003 in an attempt to protect his civil rights. He states that he has "suffered further harassment and malicious prosecution from afar with (3) further wrongful incarcerations in Lockhart, Texas, Panguitch, Utah, and Reno, Nevada." Finally, Plaintiff claims that Defendant Kowalski committed perjury in a 2008 grand jury proceeding so that an indictment would be issued against Plaintiff.

Plaintiff states that Defendant Harrison was appointed as the guardian ad litem to represent the minor children's interest during the above-described proceedings. Defendant Clanton-Reeves was a psychologist appointed by the court. It is unclear if Plaintiff, his children, or all were examined by Defendant Clanton-Reeves. Moreover, Plaintiff does explain what Defendant Clanton-Reeves did that caused him to name her as a Defendant in this action.

Plaintiff statesthat Defendant Wallace is a prosecuting attorney for the Commonwealth of Kentucky, and that he failed to properly handle complaints made to his office in 2004, 2005 and 2007. Plaintiff does not explain how he failed to handle the complaints or the nature of the

complaints.

Plaintiff states that Defendant Miliken "facilitated court orders with willful blindness and deliberate indifference to 'evidence' in their possession." It is unclear who Defendant Miliken is, what orders she enforced, how she enforced them, or what evidence she supposedly disregarded.

### III. Analysis

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). Moreover, as many a federal court has recognized, the courts have "an independent obligation to police [their] own jurisdiction." *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1331; 28 U.SC. § 1332; 28 U.S.C. § 2243; and 18 U.S.C. §§ 1961-68. Each is discussed below.

**28 U.S.C. § 1331**

This section provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331.

The only federal causes of action Plaintiff alleges are violations of unspecified constitutional rights and Defendants' involvement in a "Racketeer Influenced and Corrupt Organization." These are merely legal conclusions that the Court is not required to accept on initial review. The record is devoid of any facts that support Defendants' involvement any "organization." Furthermore, while it appears that Plaintiff was dissatisfied with the parties' conduct and rulings in connection with the child-support dispute, he does not state any facts to

show that any of the Defendants committed an actual violation of his constitutional rights. In fact, he does not even specify which constitutional and/or civil rights he claims Defendants violated.

Even if Plaintiff had sufficiently articulated a constitutional violation, it would not support a claim against the Defendants named in this action.

Defendants Huddleston and Potter are state-court judges. Judges are absolutely immune from suit for a deprivation of civil rights so long as the complained-of act was not taken in the clear absence of all jurisdiction and so long as the complained-of act was a judicial act (the function was normally one performed by a judge and the parties dealt with the judge in his or her judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-62 (1978). Absolute judicial immunity is not diminished even if a judge's exercise of authority is flawed or if there are procedural errors. *Stump v. Sparkman*, 435 U.S. at 359. Likewise, grand jury witnesses, such as Defendant Kowalski "are absolutely immune from civil liability . . . even if they knowingly gave perjured testimony." *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989).

A court-appointed guardian ad litem also enjoys absolute immunity. *See Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984).

Defendant Wallace, a prosecutor, allegedly failed to take action on complaints made to his office. However, a "prosecutor [is] immune from suit stemming from his decision to investigate or not to investigate and to present the facts discovered in a judicial proceeding, including presentment to a grand jury." *Grant v. Hollenbach*, 870 F2d. at 1139.

Defendant Miliken's title is not clear from the complaint. Plaintiff merely states that she facilitated court orders with wilful blindness. It appears that Defendant Miliken may be some type of judicial employee. "Judicial employees who perform duties that are integral to the judicial

6

process, such as executing court orders, assisting the court in domestic relations cases, and enforcing child support orders are entitled to quasi-judicial immunity." *Vawter v. Jacokes*, No. 1:95-CV-545, 1996 U.S. Dist. LEXIS 4805 (W.D. Mich. Mar. 27, 1996) (citing *Johnson v. Granholm*, 662 F.2d 449 (6th Cir. 1981)).

The other Defendants are private citizens, not state actors, and therefore, cannot be sued for constitutional violations. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755 (2005); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) (holding that attorneys are not state actors).

Thus, Plaintiff has not alleged a cognizable federal claim, making jurisdiction under 28 U.S.C. § 1331 improper.

**28 U.SC. § 1332**

Under 28 U.S.C. § 1332, the district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C.S. § 1332(a)(1). Furthermore, diversity under this section must be complete, meaning that no defendant can be a citizen of the same state as the plaintiff.

In this case, Plaintiff is a citizen of Kentucky. Furthermore, it appears that most, if not all, of the Defendants are also citizens of Kentucky. As such, there is not complete diversity, and jurisdiction under 28 U.S.C.S. § 1332 is also improper.

**28 U.S.C. § 2243**

This section governs the disposition and issuance of writs of habeas corpus. This is not a habeas action, and therefore, 28 U.S.C. § 2243 has no application.

**18 U.S.C. §§ 1961-68**

These sections involve the Racketeer Influenced and Corrupt Organizations crimes. While § 1964 does give rise to jurisdiction in a civil action, as stated above, Plaintiff's complaint does

not state a cognizable claim for violation of these statutes.

## IV.  Conclusion

Since even a liberal reading of the complaint leads this Court to conclude that Plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4414.008